# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON,     )     Civil Action No.  11 - 1046

        v.          )     Chief Magistrate Judge Lisa Pupo
             )     Lenihan
             )     ECF Nos. 13, 15

LOUIS FOLINO, Warden, S.C.I. Greene; BYUNGHAK JIN, Doctor, S.C.I. Greene; PRISON HEALTH SERVICES, INC., ("PHS") PA. Doc. Health Care Providers; JEFFREY A. BEARD, DOC Commissioner; LORI WHITE, Deputy Commissioner; JEFFREY MARTIN, Deputy Warden, S.C.I.-Greene; MARK CAPPOZZA, Deputy Warden, S.C.I. Greene; DANNY DAVIS, Warden Assistant, S.C.I. Greene; TRACY SHAWLEY, Warden's Assistant, S.C.I. Greene; DIANE THOMAS, Administrative 2, S.C.I. Greene; LORINDA WINFIELD, Major, S.C.I. Greene; LEGGETT, RHU Commander, S.C.I. Greene; P. WALKER RHU Commander, S.C.I. Greene; C.A. HAYWOOD, Captain of Security, S.C.I. Greene; ARMSTONG, Lieutenant of Security, S.C.I. Greene; V. SANTOYO, Lieutenant of Security, S.C.I. Greene; D.A. KNISELY, Lieutenant of Security, S.C.I. Greene; A. MORRIS, Lieutenant of Security, S.C.I. Greene; S.P. DURCO, Lieutenant of Security, S.C.I. Greene; GREGO, Lieutenant of Security, S.C.I. Greene; J.M. SMITH, Sergeant, S.C.I. Greene; DORSEY, Sergeant, S.C.I. Greene; S. GERVIN, Sergeant, S.C.I. Greene; STEWART, Sergeant, S.C.I. Greene; R.L. RENNER, Sergeant, S.C.I. Greene; FARRIER, Sergeant, S.C.I. Greene; BOWLEN, Corrections Officer, S.C.I. Greene; MS. R. HAYES, Corrections Officer, S.C.I. Greene; RUSH, Corrections Officer, S.C.I. Greene; J.C. MARDERNESS, Corrections Officer, S.C.I. Greene; MAYER, Corrections Officer, S.C.I. Greene; MCDOWSVILLE, Corrections Officer, S.C.I. Greene; SHAFFER, Corrections Officer, S.C.I. Greene; STEPHENS, Corrections Officer, S.C.I. Greene;  MS. T.M. LORA,  Corrections Officer, S.C.I. Greene; S.W. NEWCOMER, Corrections Officer, S.C.I. Greene;  J. ARDABELL, Corrections Officer, S.C.I. Greene;  STUMP, Corrections Officer, S.C.I. Greene;  NELSON, Corrections Officer, S.C.I. Greene;  T.S. OSWALD, Corrections Officer, S.C.I. Greene;  T.A. CONKLIN,  Corrections Officer, S.C.I. Greene; K.E. VOUGHT, Corrections Officer, S.C.I. Greene; T.R. GRUMP,  Corrections Officer, S.C.I. Greene; KULK, Corrections Officer, S.C.I. Greene; Corrections Officer, S.C.I. Greene; J.D. SUHAN, Corrections Officer, S.C.I. Greene; E.M. BOGDEN, Corrections Officer, S.C.I. Greene; S.A. ARDABELL, Corrections Officer, S.C.I. Greene; MICHELLE ANTANOVICH, Nurse Practitioner, S.C.I. Greene; MICHELE L. HOWARD-DIGGS, PAC; IRMA VIHLIDAL, Health Care Administrator, S.C.I. Greene; NEDRA GREGO, Nurses Supervisor, S.C.I. Greene; JOHNNY MCANANY, Nurses Supervisor, S.C.I. Greene; R. DIETZ, Psychiatric Coordinator, S.C.I. Greene;; ASSAD KAHN, Psychiatrist, S.C.I. Greene; D. SWARTZ, Counselor, S.C.I. Greene; D. GEEHRING, Mail Inspector Supervisor, S.C.I. Greene; HENDRICKS, Property Officer, S.C.I. Greene and J. SMITH, Corrections Officer, S.C.I. Greene.

**REPORT AND RECOMMENDATION**

I.  <u>RECOMMENDATION</u>

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 9) be denied.

II.  <u>REPORT</u>

Plaintiff, Henry Unseld Washington, an inmate presently incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania, commenced this civil action against over sixty individuals and/or agents employed with the Pennsylvania Department of Corrections (DOC) claiming that Defendants violated his rights as protected by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and, therefore, are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Religious Land Use and Institutionalized Persons Act of 2000, § 3(a), 42 U.S.C.A. § 2000cc−1(a).

On September 1, 2011, Plaintiff filed a Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order basically restating his allegations and requesting that DOC stop denying him the dictates of the settlement agreement reached in <u>Washington v. Klem,</u> 3:01-cv-2432, (M.D. Pa.), and that it provide him immediate access to a cardiologist, urinologist, otolyngologist, dermatologist and other medical specialists.  For the reasons that follow, the Motion should be denied.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65.  The party seeking a preliminary injunction has the burden of demonstrating:  1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the

issuance of an injunction will not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), cert. denied, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court

should deny preliminary injunctive relief.  Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

In his claim for preliminary injunctive relief, Plaintiff requests that this Court order DOC to provide him with significant prospective relief, *i.e.*, grant him immediate access to medical specialists, provide him with a life long prescription of B12-N-Folic Acid-Dexamthasone, testing for TSH, bioposy of small intestines, regular confidential interviews with a psychologist, *etc.*, and to enforce the terms of the settlement agreement reached in Washington v. Klem,  Civil No. 3-01-cv-02432.   Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief.  In this situation, the burden on the moving party is particularly heavy.  *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno, 40 F.3d at 653.  "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order

and to maintain institutional security. <u>Beard v. Banks</u>, 548 U.S. 521, 528 (2006); <u>Bell v. Wolfish</u>, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motion. Any injury Plaintiff may prove can be compensated with money damages. Moreover, this Court has no jurisdiction to enforce the settlement agreement reached in Plaintiff's prior action. As Plaintiff is well aware, he must move the United States District Court for the Middle District of Pennsylvania to enforce the agreement in Civil Action No. 03:01-2432, as he did on June 8, 2009. *See* <u>Washington v. Klem</u>, 388 Fed. App'x. 84 (3d Cir. 2010) (upholding District Court's denial of Plaintiff's motion to enforce the settlement agreement). Accordingly, his motion for a preliminary injunction and temporary restraining order should be denied.

III.    <u>CONCLUSION</u>

It is respectfully recommended that Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 9) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

_____

Lisa Pupo Lenihan
U.S. Magistrate Judge

November 4, 2011

5

Henry Washington , AM-3086
SCI Greene
175 Progress Drive
Waynesburg, PA 15370