IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY UNSELD WASHINGTON, | Civil Action No. 11 - 1046 |
| v. | District Judge Terrence F. McVerry<br>Chief Magistrate Judge Lisa Pupo Lenihan |
| | ECF Nos. 138, 140, 148 |

LOUIS FOLINO, Warden, S.C.I. Greene; BYUNGHAK JIN, Doctor, S.C.I. Greene; PRISON HEALTH SERVICES, INC., ("PHS") PA. Doc. Health Care Providers; JEFFREY A. BEARD, DOC Commissioner; LORI WHITE, Deputy Commissioner; JEFFREY MARTIN, Deputy Warden, S.C.I.-Greene; MARK CAPPOZZA, Deputy Warden, S.C.I. Greene; DANNY DAVIS, Warden Assistant, S.C.I. Greene; TRACY SHAWLEY, Warden's Assistant, S.C.I. Greene; DIANE THOMAS, Administrative 2, S.C.I. Greene; LORINDA WINFIELD, Major, S.C.I. Greene; LEGGETT, RHU Commander, S.C.I. Greene; P. WALKER RHU Commander, S.C.I. Greene; C.A. HAYWOOD, Captain of Security, S.C.I. Greene; ARMSTONG, Lieutenant of Security, S.C.I. Greene; V. SANTOYO, Lieutenant of Security, S.C.I. Greene; D.A. KNISELY, Lieutenant of Security, S.C.I. Greene; A. MORRIS, Lieutenant of Security, S.C.I. Greene; S.P. DURCO, Lieutenant of Security, S.C.I. Greene; GREGO, Lieutenant of Security, S.C.I. Greene; J.M. SMITH, Sergeant, S.C.I. Greene; DORSEY, Sergeant, S.C.I. Greene; S. GERVIN, Sergeant, S.C.I. Greene; STEWART, Sergeant, S.C.I. Greene; R.L. RENNER, Sergeant, S.C.I. Greene; FARRIER, Sergeant, S.C.I. Greene; BOWLEN, Corrections Officer, S.C.I. Greene; MS. R. HAYES, Corrections Officer, S.C.I. Greene; RUSH, Corrections Officer, S.C.I. Greene; J.C. MARDERNESS, Corrections Officer, S.C.I. Greene; MAYER, Corrections Officer, S.C.I. Greene; MCDOWSVILLE, Corrections Officer, S.C.I. Greene; SHAFFER, Corrections Officer, S.C.I. Greene; STEPHENS, Corrections Officer, S.C.I. Greene; MS. T.M. LORA, Corrections Officer, S.C.I. Greene; S.W. NEWCOMER, Corrections Officer, S.C.I. Greene; J. ARDABELL, Corrections Officer, S.C.I. Greene; STUMP, Corrections Officer, S.C.I. Greene; NELSON, Corrections Officer, S.C.I. Greene; T.S. OSWALD, Corrections Officer, S.C.I. Greene; T.A. CONKLIN, Corrections Officer, S.C.I. Greene; K.E. VOUGHT, Corrections Officer, S.C.I. Greene; T.R. GRUMP, Corrections Officer, S.C.I. Greene; KULK, Corrections Officer, S.C.I. Greene; Corrections Officer, S.C.I. Greene; J.D. SUHAN, Corrections Officer, S.C.I. Greene; E.M. BOGDEN, Corrections Officer, S.C.I. Greene; S.A. ARDABELL, Corrections Officer, S.C.I. Greene; MICHELLE ANTANOVICH, Nurse Practitioner, S.C.I. Greene; MICHELE L. HOWARD-DIGGS, PAC; IRMA VIHLIDAL, Health Care Administrator, S.C.I. Greene; NEDRA GREGO, Nurses Supervisor, S.C.I. Greene; JOHNNY MCANANY, Nurses Supervisor, S.C.I. Greene; R. DIETZ, Psychiatric Coordinator, S.C.I. Greene;; ASSAD KAHN, Psychiatrist, S.C.I. Greene; D. SWARTZ, Counselor, S.C.I. Greene; D. GEEHRING, Mail Inspector Supervisor, S.C.I. Greene; HENDRICKS, Property Officer, S.C.I. Greene and J. SMITH, Corrections Officer, S.C.I. Greene, WILLIAM JOSIAH TRBOVICH, MS. DONALDSON,

1

**REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the DOC Defendants' Motion to Dismiss and/or Strike Complaint (ECF No. 140) be granted to the extent that Plaintiff's Complaint, and supplements thereto, should be stricken for his failure to comply with Federal Rule of Civil Procedure 20.  The Court should allow Plaintiff the opportunity to file an amended complaint that complies with the Federal Rules.  It is further recommended that the Motions to Dismiss filed by Defendant Khan (ECF No. 138) and the Medical Defendants (ECF No. 148) be dismissed without prejudice to their right to refile against any amended complaint or new complaint which Plaintiff will file as a result.

II. **REPORT**

    **A. Procedural History**

Plaintiff, Henry Unseld Washington, is a Pennsylvania state inmate who is presently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), located in Waynesburg, Pennsylvania.  He commenced this civil action against fifty-nine individuals and/or agents employed with the Pennsylvania Department of Corrections ("DOC") claiming that Defendants violated his rights as protected by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and, therefore, are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  (ECF No. 3.)  He also alleges violations of 42 U.S.C. §§ 1985, 1986, 1988, 1997, 2000cc, 13981, 15601, and 15602.  (ECF No. 3.)  Since the filing of his 41-page original Complaint on August 17, 2011, Plaintiff has filed three additional documents (ECF Nos. 16, 123-1, and 137-1) that the Court ordered to be construed as supplements to his Complaint.  (Text Order dated May 21, 2012.)  In these supplements, Plaintiff

added two additional Defendants. Together, Plaintiff's Complaint, and supplements thereto, contain approximately 250 separate factual averments complaining about hundreds of separate and distinct events that have occurred over more than a two year period at SCI-Greene. Plaintiff has also filed countless declarations (ECF Nos. 8, 145, 146, 168) even after he was advised by the Court that he could not continue to add supplemental allegations to his Complaint. Pending before the Court are Defendants' Motions to Dismiss and/or Strike Plaintiff's Complaint. (ECF No. 138, 140, 148.) Plaintiff has filed responses in opposition to the motions. (ECF No. 149, 150, 170.) Accordingly, this matter is ripe for review.

### B. Factual Background and Allegations

Plaintiff has a lengthy history in the DOC and is no stranger to filing lawsuits complaining about his alleged mistreatment within the numerous institutions in which he has been incarcerated over the many years. The following is taken from the Third Circuit Court of Appeals Opinion dated September 27, 2011, on appeal from two consolidated lawsuits Plaintiff has pending in the Middle District of Pennsylvania against DOC employees and officials at SCI-Fayette (where he was housed from June 20, 2004 until January 17, 2006) and SCI-Huntington (where he was transferred thereafter).

> Plaintiff Henry Unseld Washington is an African-American male in his mid-to-late 60s. His long history in the Pennsylvania prison system has been characterized by repeated transfers, long stints in restricted housing and/or solitary confinement, and, he claims, sustained abuse. According to Washington, he was incarcerated in SCI Dallas from 1980 until October of 1994, where he was repeatedly assaulted by staff members, leading to him commencing a "non-stop continuous letter-writing campaign" to authorities and celebrities – mostly African-American politicians and media figures – that continues to this day. Following a transfer to SCI Greene, a "major assault" by prison staff left him with significant medical disabilities. This pattern of mistreatment, he avers, continued through transfer to SCI Mahanoy and SCI Retreat, where guards and prison staff – familiar with his "rabble rousing" tendencies, and angry about the grievances he filed regarding their friends in other institutions – continued to abuse him.

3

Washington v. Grace, 445 F. App'x 611, 613 (3d Cir. 2011).

As previously noted, Defendants in this matter are past and present employees at SCI-Greene and the Pennsylvania DOC Central Office, as well as Prison Health Services, the independent medical contractor at SCI-Greene, and several medical providers employed therewith. Plaintiff accuses Defendants of a litany of wrongdoing. Although very difficult to summarize, his Complaint, and supplements thereto, contain many distinct legal claims arising out of allegations that Defendants denied him, among other things, medical treatment, access to specialists, meals, toilet paper, outdoor exercise, cleaning supplies, clean linens, visitation, legal mail, soap, haircuts, legal material, grievances and request slips, and the right to practice his religion in accordance with a settlement agreement from another lawsuit. He alleges that he was subjected to excessive force, verbal harassment, conditions of confinement detrimental to his health and safety, and that Defendants fabricated misconducts, read and withheld his outgoing legal mail, and failed to submit his grievances for processing. In the great majority of his Complaint, he alleges that was subjected to ongoing sexual harassment and assault by prison officials and was punished after refusing to have sexual relations with these individuals. With respect to the numerous supervisory Defendants, he alleges that he informed them of the ongoing misconduct of their subordinates but they failed to remedy any of the alleged wrongdoing. Finally, in every averment, he concusively claims that Defendants actions were the result of an ongoing retaliatory conspiracy against him for communicating with authorities. Because Plaintiff's Complaint, and supplements thereto, violates the requirements of Federal Rule of Civil Procedure 20, he should be required to file an amended complaint which complies with the Federal Rules.

C. Discussion

The DOC Defendants have filed a Motion to Dismiss and/or Strike Plaintiff's Complaint for failure to comply with the permissive joinder rule found in Federal Rule of Civil Procedure 20. Federal Rule of Civil Procedure provides in relevant part that defendants may be joined only where certain requirements have been met. Specifically, Rule 20(a)(2) provides that:

> Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem---may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

As explained by one court, "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982). Moreover, Rule 18, which permits joinder of multiple claims against a party does not trump Rule 20's requirement because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (3d ed.); *accord*, Intercon, 696 F.2d at 56-57. While the requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy, the policy of liberal application of

Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. Paladino v. Newsome, 2012 U.S. Dist. LEXIS 113748, 2012 WL 3315571, at *5 (D. N.J. Aug. 13, 2012) (citing Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002), Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007), George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997)).[1]

Here, Plaintiff's Complaint, and supplements thereto, are merely a recitation of Defendants' alleged wrongdoing nearly every day over the course of two years. Even liberally construed, it does not satisfy the requirements of Rule 20. In addition to containing allegations against sixty-one different Defendants and recounting approximately 250 distinct and separate events, the Complaint contains many distinct legal claims. These separate and distinct events and claims do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not present some common question of law or fact with respect to all the parties in the action, as required by Rule 20. This is true notwithstanding Plaintiff's conclusory allegations of an ongoing retaliatory conspiracy against him for communicating with authorities. *See*, *e.g.*, Robinson v. Powell, No. 3:09CV250, 2010 U.S. Dist. LEXIS 74933, 2010 WL 2928217, at *2 n.2 (E.D. Va. July 23, 2010 ("The Court previously has informed Plaintiff such conclusory claims of a conspiracy are insufficient to provide[] an adequate basis for unrelated transactions and defendants. Robinson, 2009 U.S. Dist. LEXIS 25988, 2009 WL 874530, at *1 n.2.) (citing Ruttenberg v. Jones, 283 F. App'x 121, 131-32 (4th Cir. 2008); Jackson v. Olsen, No. 3:09cv43, 2010 U.S. Dist. LEXIS 17879, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010)

---

[1] There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA") substantially changed the judicial treatment of civil rights actions by state and federal prisoners. One major change was that pursuant to the PLRA, the full filing fee ultimately must be paid, at least in a non-habeas action. In being permitted to combine separate, independent claims in one complaint, Plaintiff is able to circumvent the filing fee requirements of the PLRA.

(citing cases for the proposition that a "[p]laintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy.")). That conclusory allegations of conspiracy are insufficient is even clearer now that we are under the pleading regime of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Hence, the Complaint, together with its supplements, as presently constituted should be amended so as to come into compliance with the Federal Rules.

If required to amend, in the event this Report and Recommendation is adopted by the Court, Plaintiff is advised that his amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, **to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file separate complaints addressing each violation.** "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with the Court's order and will result in dismissal of any such complaint filed. In addition, the amended complaint or new complaints filed in compliance with this Court's order shall not include new claims.

Plaintiff should be aware that amendment would be futile to the extent he seeks to reassert violations of 42 U.S.C. §§ 1988 (Proceedings in Vindication of Civil Rights), 1997 (Definitions), 15601 (Findings of Congress regarding Prison Rape), and 15602 (Purpose Section of Prison Rape Act). Violations of these statutes do not create a private cause of action. *See* Nestor v. Dir. of Northeast Region Bureau of Prisons, No. 11-4683, 2012 U.S. Dist. LEXIS 180710, 2012 WL 6691791, at *3 (D. N.J. Dec. 20, 2012) (granting summary judgment to

defendants on the plaintiff's attempt to recover under the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq*. because it does not create a private cause of action) (citing Porter v. Jennings, No. 10-1811, 2012 U.S. Dist. LEXIS 58021, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) and Chao v. Ballista, 772 F. Supp. 2d 337, 341 n.2 (D. Mass. 2011)); *see also* Marino v. Bowers, 483 F. Supp. 765, 769 (E.D. Pa. 1980) ([Section 1988] creates no independent cause of action, but merely authorizes resort to state law and the common law when federal procedures or remedies are inadequate to provide relief.")  Additionally, in United States v. Morrison, 529 U.S. 598 (2000), the United States Supreme Court invalidated 42 U.S.C. § 13981, a statute that established a private cause of action for gender-motivated violence because it contained "no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce." Id. at 611.  As such, Plaintiff cannot state a claim upon which relief may be granted based on that statute.

Moreover, Plaintiff's claims stemming from Defendants' alleged verbal harassment, which Plaintiff refers to as "mocking" or "ridiculing" behavior, also fail to state a claim upon which relief may be granted.  Assuming Plaintiff's allegations are true, it is well-settled that the use of words alone without any harm, no matter how violent, insulting or abusive, do not amount to a constitutional violation.  *See* Burkholder v. Newton, 116 F. App'x 358, 360 (3d Cir. 2004); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.) ("mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations"), *cert. denied*, 464 U.S. 998 (1983); Wilson v. Horn, 971 F. Supp. 943, 948 (E.D. Pa. 1997) (verbal abuse and harassment, although not commendable, does not rise to the level of a constitutional violation), *aff'd*, 142 F.3d 430 (Table) (3d Cir. 1998); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995) (threat by BOP guard to "see to it" that

"pieces of s-" like plaintiff would be "taken care of" was not adequate to make out a constitutional claim as "[i]t is well-established that verbal harassment or threats . . . will not, without some reinforcing act accompanying them, state a constitutional claim"). The same is true for Plaintiff's claims stemming from the alleged denial of haircuts on two occasions, the denial of soap on one occasion, and the denial of clean linens on a handful of occasions. *See* Harris v. Fleming, 839 F.2d 1232 (7th Cir. 1988) (holding that denial of toilet paper for five days, denial of soap, toothbrush, and toothpaste for ten days, and denial of exercise for twenty-eight days did not constitute cruel and unusual punishment); Veteto v. Miller, 829 F. Supp. 1486, 1496 (M.D. Pa. 1992) (finding no Eighth Amendment violation where the plaintiff alleged that "he was denied meals, clean cloths, showers and recreation periods, but not that he went hungry or lived in an unsanitary, wholly sedentary environment"); Vile v. Matty, No. (haircut privileges "fall within the administrative discretion of prison officials"). While these alleged actions are burdensome and annoying, they do not amount to "cruel and unusual punishment." *See* Black v. Cuomo, 101 F.3d 681 (2d Cir. 1996). This is also true for Plaintiff's allegations that he had juice thrown on him on three occasions and that his wash cloth and towel were thrown in his face on one occasion. Furthermore, Plaintiff's claim that he was denied visitation on one occasion also fails because district courts in this circuit have held that neither convicted prisoners nor their family members have an inherent constitutional right to visitation. *See* Flanagan v. Shively, 783 F. Supp. 922, 934 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); Doe v. Sparks, 733 F. Supp. 227, 230 n.3 (W.D. Pa. 1990); Buehl v. Lehman, 802 F. Supp. 1266, 1270 (E.D. Pa. 1992) (visitation is a privilege subject to the discretion of prison authorities). Finally, Plaintiff alleges that his grievances were not submitted for processing. While his allegations may be relevant as to the issue of whether Plaintiff was able to exhaust his

administrative remedies, courts have found no constitutional right to grievance procedures. *See* Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (finding that "[i]nmates do not have a constitutionally protected right to the prison grievance process.").

Plaintiff should be aware that his Complaint as it stands now is deficient in several regards with respect to a number of his claims. Specifically, Plaintiff alleges that he was denied medical treatment for his serious medical needs on numerous occasions, but he does not specify what his medical needs were. *See* Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (An inmate making an Eighth Amendment claim on the basis of denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious.") (citing Estelle v. Gambel, 429 U.S. 97, 106 (1976)). Additionally, he alleges that his legal mail was withheld from him on numerous occasions, which resulted in a denial of access to the courts. Assuming these allegations are true, Plaintiff needs to show that he suffered an "actual injury" as a result of his mail being withheld. *See* Lewis v. Casey, 518 U.S. 343, 351-52 (1996). An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost. Christopher v. Harbury, 536 U.S. 403, 415 (2003); *see also* Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Plaintiff cannot just point to the denial of his legal mail as the basis for injury. For a couple of his averments, Plaintiff states that the denial of his legal mail resulted in him losing on a motion to dismiss. However, Plaintiff does not provide any details as to how the denial of his mail caused him to lose the motion to dismiss or even the case number associated with motion and the court in which his suit was pending. The aforementioned claims fail to state a claim upon which relief may be granted as of now but Plaintiff may be able to cure these deficiencies if allowed to amend.

### III. CONCLUSION

It is respectfully recommended that the DOC Defendants' Motion to Dismiss and/or Strike Complaint (ECF No. 140) be granted to the extent that Plaintiff's Complaint, and supplements thereto, should be stricken for his failure to comply with Federal Rule of Civil Procedure 20. The Court should allow Plaintiff the opportunity to file an amended complaint that complies with the Federal Rules. It is further recommended that the Motions to Dismiss filed by Defendant Khan (ECF No. 138) and the Medical Defendants (ECF No. 148) be dismissed without prejudice to their right to refile against any amended complaint or new complaint which Plaintiff will file as a result.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 28, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

Cc: Henry Unseld Washington
AM-3086
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370-8082
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*