IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY UNSELD WASHINGTON, ) | |
| ) | Civil Action No. 11 – 1046 |
| Plaintiff, ) | |
| ) | District Judge Terrence F. McVerry |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| LOUIS S. FOLINO, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This case is before the Court on the Report and Recommendation filed by Chief Magistrate Judge Lisa Pupo Lenihan on February 28, 2013. (ECF No. 176.) Judge Lenihan recommended that the DOC Defendants' Motion to Dismiss and/or Strike Complaint (ECF No. 140) be granted to the extent that Plaintiff's Complaint, and supplements thereto, should be stricken for his failure to comply with Federal Rule of Civil Procedure 20. She further recommended that the Motions to Dismiss filed by Defendant Khan (ECF No. 138) and the Medical Defendants (ECF No. 148) be dismissed without prejudice to their right to refile against any amended complaint or new complaint which Plaintiff may file that complies with the Federal Rules. The parties were served with the Report and Recommendation and informed that they had until March 18, 2013, to file written objections. Instead of filing objections, Plaintiff filed a Motion for Review of the Report and Recommendation with a Brief in support thereof (ECF Nos. 178-79) and a Motion for Extension of Time to Expand the Record (ECF No. 177). The

1

Court will construe Plaintiff's Motion for Review as objections to the Magistrate Judge's Report and Recommendation and will dismiss the motion as moot.

Plaintiff's objection to the Report is that his Complaint should not be stricken because he is in compliance with Federal Rule of Civil Procedure 20. Plaintiff, however, is mistaken.

Federal Rule of Civil Procedure 20 states in pertinent part:

> Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem---may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The claims in Plaintiff's Complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences, **and** do not have a question of law or fact common to all Defendants. Therefore, they are inappropriate for joinder under Rule 20. Plaintiff maintains that he has presented a question of law or fact common to all Defendants; specifically, that all of their alleged wrongdoing was in retaliation for him communicating with authorities. This argument was addressed by the Magistrate Judge in her Report and Recommendation and found to be insufficient to satisfy the Rule 20 requirements for permissive joinder. The Court agrees with her conclusion and Plaintiff's objection does not undermine her recommendation. Not only is Plaintiff's overarching theme of retaliation, or a retaliatory conspiracy, insufficient to provide a basis to join unrelated transactions and defendants, but his retaliation/conspiracy claim in its current form is conclusory at best and insufficient to state a claim upon which relief may be granted. Moreover, Rule 20 imposes two requirements, and,

even if Plaintiff's retaliation/conspiracy claim were sufficient to satisfy the common question of law or fact requirement, he is still noncompliant with Rule 20 because his claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  Neither Rule 20, nor the interests of judicial economy, permit Plaintiff to pursue his "mishmash of a compliant" in its current form.  Therefore, his objection will be overruled.

Plaintiff has also filed a Motion for Extension of Time to Expand the Record.  (ECF No. 177.)  Plaintiff states that it took him twenty months to compile his current Complaint and that it would take him at least thirty-six months to file a new complaint that is in compliance with the Federal Rules.  Therefore, instead of filing an amended complaint, he requests that the Court allow him 240 days to expand the record in order to correct the errors in his Complaint and that "every issue not covered in the expanded record that is cited in the original complaint be allowed to remain intact."  Although the Court is sympathetic to Plaintiff's alleged failing health for which he requests accommodation, Plaintiff will not be permitted to expand the record.  Because Plaintiff's Complaint is not in compliance with the Federal Rules, it will be stricken.  Therefore, there will be no complaint which will "remain intact."  Moreover, Plaintiff is not permitted to expand the record to add additional claims or defendants as this would result in a complaint that is even more noncompliant with the Federal Rules.  Instead, his amended complaint must include **only related** claims and parties and it must be a new complaint which stands by itself **without** reference to his original Complaint. If Plaintiff desires to pursue all claims of which he presents in his current Complaint against all named Defendants, then he should file separate complaints

which also include **only related** claims and parties.[1]  The inclusion of unrelated claims against unrelated parties will result in the dismissal of any such complaint filed for failure to comply with this Order.  The Court believes that sixty days from the date of this Order is a reasonable amount of time for Plaintiff to file his amended complaint.

As such, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

**AND NOW**, this 13th day of March, 2013,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Review of the Magistrate Judge's Report and Recommendation (ECF No. 178) is construed as Objections to the Report and Recommendation and **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that the DOC Defendants' Motion to Dismiss and/or Strike Complaint (ECF No. 140) is **GRANTED** to the extent that Plaintiff's Complaint, and supplements thereto, are stricken for his failure to comply with Federal Rule of Civil Procedure 20.

**IT IS FURTHER ORDERED** that the Motions to Dismiss filed by Defendant Khan (ECF No. 138) and the Medical Defendants (ECF No. 148) are **DISMISSED without prejudice** to their right to refile against any amended complaint or new complaint which Plaintiff may file.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Expand the Record (ECF No. 177) is **GRANTED in part** and **DENIED in part**.  The Motion is denied to the extent Plaintiff seeks to expand the record.  The Motion is granted to the extent that

---

[1] Plaintiff, however, should be cognizant that it would be futile to include many of his current claims in any such amended complaint or new complaint.  Plaintiff should refer to the Magistrate Judge's Report and Recommendation for a list of some of these claims and an explanation for why they should not be pursued in his amended complaint.

Plaintiff is allowed sixty days from the date of this Order to file an amended complaint which complies with the Federal Rules.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 176) dated February 28, 2013, as it is supplemented herein, is **ADOPTED** as the opinion of the Court.

**AND IT IS FURTHER ORDERED** that this case is remanded back to the Magistrate Judge for all further pretrial proceedings.

        By the Court:

        <u>s/Terrence F. McVerry</u>
        United States District Judge

cc:  Henry Unseld Washington
     AM-3086
     S.C.I. Greene
     175 Progress Drive
     Waynesburg, PA  15370-8082
     *Via U.S. Postal Mail*

     Counsel of Record
     *Via ECF Electronic Mail*