# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY UNSELD WASHINGTON, ) | |
| ) | Civil Action No. 11 - 1046 |
| Plaintiff, ) | |
| ) | District Judge Terrence F. McVerry |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| LOUIS S. FOLINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and to follow the Court's Order to file an amended complaint by May 13, 2013.

**II. REPORT**

Plaintiff is a Pennsylvania state prisoner proceeding *pro se* in this civil rights action which he commenced on August 12, 2011. In his Complaint and supplements thereto, he sued sixty-one individuals and/or agents employed with the Pennsylvania Department of Corrections, and raised claims for violations of his rights as protected by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. He also raised claims for violations of numerous federal statutes. Together, Plaintiff's Complaint and supplements contained approximately 250 separate factual averments complaining about hundreds of separate and distinct events that occurred over more than a two year period during his incarceration at

1

SCI-Greene. Even after he was advised that he could no longer add supplemental allegations to his Complaint, Plaintiff continued to file countless declarations doing such. Defendants filed Motions to Dismiss anad/or Strike Plaintiff's Complaint on numerous grounds, and on February 28, 2013, the undersigned issued a Report and Recommendation recommending that Plaintiff's Complaint and supplements be stricken for his failure to comply with Federal Rule of Civil Procedure 20 but that he be allowed to file an amended complaint that complied with the Federal Rules. Plaintiff filed several motions in connection with the Report and Recommendation which the Court later construed as written objections. Despite these objections, the undersigned's Report and Recommendation was adopted as the opinion of the Court, and, as a result, Plaintiff's Complaint and supplements thereto were stricken for his failure to comply with the Federal Rules. Plaintiff, however, was granted sixty days from the date of that March 13, 2013 Order to file an amended complaint that complied with the Rules. As of the date of this Order, more than sixty days have elapsed and Plaintiff has not filed an amended complaint.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors

identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Court's Order dated March 13, 2013, directing him to file an amended complaint within sixty days. The responsibility for his failure to comply with the Order is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have already spent a great deal of time reviewing Plaintiff's innumerable allegations and responding to his Complaint. Indeed, this action includes over sixty defendants and has been pending for almost two years. It

is even more complicated by the fact that Plaintiff's pleadings are extremely difficult to decipher and most often times do not comply with federal or local rules despite guidance from the Court which it is not required to give. Defendants seek a resolution of this matter, which, in the undersigned's opinion, has become quite disorganized and unnecessarily complicated by Plaintiff's failure to comply with Court instructions. Accordingly, the undersigned finds that Defendants have suffered some prejudice caused by Plaintiff's failure to file his amended complaint.

   3. A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness other than the one instance at issue here. However, it has been over a month since Plaintiff's amended complaint was due and he has neither requested an extension of time to file it or otherwise move this case forward. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

   4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

   5. Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Moreover, it does not appear that Plaintiff has paid any portion of the filing fee in this case thus far. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

   6. Meritorious of the claim or defense.

Currently there is no operative complaint before the Court so review of Plaintiff's claims is not possible. However, according to the nearly 250 averments in Plaintiff's prior Complaint

and supplements thereto, his allegations primarily concern the conditions of his confinement, including his dissatisfaction with the medical care he was or is receiving. A review of the record, however, reveals that Defendants have responded to Plaintiff's previous motions for preliminary injunction and their responses indicate that Plaintiff is receiving constitutionally adequate medical care. Because of the lack of any operative complaint, this factor weighs neither for nor against dismissal.

To summarize, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and follow this Court's order to file an amended complaint.

### III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and to follow the Court's Order to file an amended complaint by May 13, 2013.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 20, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Henry Unseld Washington

AM-3086
SCI Greene
175 Progress Drive
Waynesburg, PA  15370-8082
*Via First Class U.S. Mail*

Counsel of Record
*Via ECF Electronic Mail*