IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON,  )
                                   )       Civil Action No. 11 - 1046
           Plaintiff,       )
                                   )       District Judge Terrence F. McVerry
           v.            )       Chief Magistrate Judge Lisa Pupo Lenihan
                                   )
LOUIS S. FOLINO, *et al.*,       )
                                   )
           Defendants.     )

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiff's Motion for Extension of Time to file his amended complaint (ECF No. 188) and a Motion of Inquiry (ECF No. 189).

Plaintiff first requests an extension of time to file his amended complaint, which was due on or before May 13, 2013. Plaintiff failed to submit an amended complaint by that day, and also failed to submit anything to request an extension of time to do so. Therefore, the undersigned issued a Report and Recommendation on June 20, 2013, recommending dismissal of this action for Plaintiff's failure to prosecute and follow the Court's Order to file his amended complaint by May 13, 2013. That Report and Recommendation is currently pending before the Court and Plaintiff's objections are due by July 8, 2013. In the interim, however, Plaintiff has filed a motion requesting an extension of time to file his amended complaint. He states in his motion that his health is progressively failing and he suffers from dementia that is getting worse. Because of this, he requests 180 days (6 months) to file his amended complaint.[i]

The Court is sympathetic to Plaintiff's ill health, as it has been the subject of nearly every pleading Plaintiff has filed in this case, but fails to see how Plaintiff requires six months to prepare a new complaint. Plaintiff has previously indicated that it took him a year to prepare his original complaint in this matter and apparently he is under the impression that he needs just as much time to prepare his amended complaint. Plaintiff is reminded that the reason he is having to prepare an amended complaint in this matter in the first place is because his original complaint improperly joined unrelated parties and claims in violation of the Federal Rules of Civil Procedure. In fact, there were over 250 separate factual averments in the three documents that comprised his operative complaint. His complaint was essentially a day-by-day recitation of events that had occurred over an expansive period of time. It was arduous to review and in the end the Court was basically left to decipher as to what related legal claims Plaintiff was raising against which of over the sixty defendants he was suing. Plaintiff essentially complained about everything that had happened to him by everyone he had encountered. His Complaint defied the basic logic behind the Federal Rules of Civil Procedure, and, specifically, sought to improperly join unrelated claims and parties into a single action, possibly in an attempt to avoid the filing fee requirements of the Prison Litigation Reform Act. As such, the undersigned recommended that the Complaint be stricken for Plaintiff's failure to comply with Federal Rule of Civil Procedure 20, and the Court so ordered on March 13, 2013, allowing Plaintiff two months to prepare a new complaint. Plaintiff now asks for six more months.

The Court will grant Plaintiff sixty days to file his amended complaint. The Court believes that two months, coupled with the three months that has passed since the Court ordered Plaintiff to amend his complaint, is more than a sufficient amount of time for Plaintiff to file his amended complaint. Plaintiff should keep in mind that his amended complaint should bear little

resemblance to his original complaint as long as he follows the Federal Rules of Civil Procedure. The Complaint need not be lengthy.

Second, Plaintiff has filed a Motion of Inquiry requesting to know the status of a motion for extension of time that he filed last month. The Court did not receive a motion for extension of time in May and has not received one since Plaintiff was ordered to file his amended complaint in March. Regardless, Plaintiff has submitted another motion and it is being granted to the extent that Plaintiff will have sixty days to file his amended complaint. As such, any previous motion for extension of time would now be moot. Plaintiff also requests to know the status of a previously filed order to show cause for issuance of a preliminary injunction. The Court did receive this pleading and construed it as a motion for preliminary injunction. Defendants have responded and a Report and Recommendation will be issued on the motion in the near future. Therefore,

**IT IS HEREBY ORDERED,** this 25th day of June, 2013, that the undersigned's Report and Recommendation dated June 20, 2013 (ECF No. 187) is **VACATED** due to Plaintiff's recently filed motion for extension of time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 188) is **GRANTED** to the extent that Plaintiff shall have sixty days from the date of this Order to file his amended complaint. His amended complaint is due no later than August 26, 2013. **NO FURTHER EXTENSIONS WILL BE GRANTED.[ii]**

**AND IT IS FURTHER ORDERED** that Plaintiff's Motion for Inquiry (ECF No. 189) is **GRANTED** to the extent that Plaintiff seeks to know the status of certain pleadings he has filed with the Court.

_____

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:   Henry Unseld Washington
      AM-3086
      SCI Greene
      175 Progress Drive
      Waynesburg, PA  15370-8082
      *Via First Class U.S. Mail*

      Counsel of Record
      *Via ECF Electronic Mail*

---

[i] The Court notes that despite Plaintiff's alleged health problems and his inability to draft a concise complaint, the number of documents filed thus far in this case has reached 189, the vast majority of which have been filed by plaintiff.

[ii] This case was commenced in August 2011 and while the court has tried to accommodate plaintiff's requests, it also has an obligation to Defendants to move the case in a reasonable manner and is under a three year case management restriction imposed by the Third Circuit.